No. 22-4369

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### UNITED STATES OF AMERICA,

Appellee,

v.

### KENNETH W. RAVENELL,

Appellant.

*Appeal from the United States District Court for the*
*District of Maryland, Northern Division*
*Honorable Liam O'Grady, District Judge for the Eastern District of Virginia,*
*Sitting by designation in the District of Maryland*

## RESPONSE TO PETITION FOR REHEARING EN BANC

**Philip Selden**
**Attorney for the United States**
**Acting Under Authority**
**Conferred by 28 U.S.C. § 515**

**Leo J. Wise**
**Zachary H. Ray**
**Assistant United States Attorneys**

**Derek E. Hines**
**Special Assistant United States Attorney**

**36 South Charles Street, 4th Floor**
**Baltimore, MD 21201**
**(410) 209-4800**

**May 22, 2023**

*Attorneys for Appellee*

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ……...…………..……………………….……iii

**INTRODUCTION & BACKGROUND**...............................................1

**STANDARD FOR REHEARING EN BANC** ......................................2

**ARGUMENT** ...........................................................................2

  **I.** **The district court did not abuse its discretion by refusing to give legally incorrect instructions, which were not supported by the evidence.** ................2

    *A.* *The Majority Opinion is Consistent with Supreme Court Precedent* ........3

    *B.* *The Majority Opinion is Consistent with the Law of this Circuit*..............4

    *C.* *The Majority Opinion is Consistent with Decisions Of Other Circuit Courts* ..................................................................................11

  **II.** **The panel's opinion follows Supreme Court and this Court's precedents because it recognizes that non-overt act conspiracies are presumed to continue absent affirmative evidence that they have terminated.** ..................................................................12

**CONCLUSION**..........................................................................16

# TABLE OF AUTHORITIES

## Cases

*Grunewald v. United States*,
   353 U.S. 391 (1957) ........................................................................... 13

*Kanida v. Gulf Coast Med. Pers. LP*,
   363 F.3d 568 (5th Cir. 2004) ............................................................ 11

*Smith v. United States,*
   568 U.S. 106 (2013) ............................................................................ 3

*United States v. Adams*,
   740 F.3d 40 (1st Cir. 2014) ............................................................... 11

*United States v. Algee*,
   599 F.3d 506 (6th Cir. 2010) ............................................................ 11

*United States v. Bailey*,
   830 F.2d 156 (11th Cir. 1987) .......................................................... 11

*United States v. Burk*,
   737 F. App'x 963 (11th Cir. 2018) ................................................... 15

*United States v. Campbell*,
   347 F. App'x 923 (4th Cir. 2009) ....................................................... 4

*United States v. Caro*,
   597 F.3d 608 (4th Cir. 2010) .............................................................. 7

*United States v. Elwell*,
   984 F.2d 1289 (1st Cir. 1993) ........................................................... 12

*United States v. Gaudin*,
   515 U.S. 506–23 (1995) .................................................................. 3, 4

*United States v. Gonzalez*,
   921 F.2d 1530 (11th Cir. 1991) ........................................................ 12

*United States v. Hassan*,
   742 F.3d 104 (4th Cir. 2014) ................................................... 7, 9, 11

*United States v. Hayter Oil Co. of Greeneville, Tenn.*,
   51 F.3d 1265–71 (6th Cir. 1995) ...................................................... 12

*United States v. Head*,
   641 F.2d 174 (4th Cir. 1981) ................................................................. 7

*United States v. Hill*,
   927 F.3d 188 (4th Cir. 2019) ................................................................. 7

*United States v. James*,
   712 F.3d 79 (2d Cir. 2013) ................................................................. 14

*United States v. Lighty*,
   616 F.3d 321 (4th Cir. 2010) ................................................................. 7

*United States v. Maloney*,
   71 F.3d 645 (7th Cir. 1995) ................................................................. 12

*United States v. Mayes*,
   512 F.2d 637 (6th Cir. 1975) ................................................................. 12

*United States v. Ojedokun*,
   16 F.4th 1091 (4th Cir. 2021) ................................................................. 13

*United States v. Portsmouth Paving Corp.*,
   694 F.2d 312 (4th Cir. 1982) ................................................................. 6

*United States v. Pursley*,
   22 F.4th 586 (5th Cir. 2022) ................................................................. 11

*United States v. Reeves*,
   742 F.3d 487 (11th Cir. 2014) ................................................................. 15

*United States v. Seher*,
   562 F.3d 1344 (11th Cir. 2009) ................................................................. 5, 12

*United States v. Shabani*,
   513 U.S. 10–14 (1994) ................................................................. 13

*United States v. Sitzmann*,
   74 F. Supp. 3d 96 (D.D.C. 2014) ................................................................. 12

*United States v. Spero*,
   331 F.3d 57 (2d Cir. 2003) ................................................................. 12, 14

**Statutes**

18 U.S.C. § 1956(h) ................................................................ 1

28 U.S.C. § 515 ............................................................... i, 16

## **INTRODUCTION & BACKGROUND**

On December 28, 2021, a Baltimore jury convicted the Appellant, Kenneth Ravenell, of money laundering conspiracy in violation of 18 U.S.C. § 1956(h). In May 2022, the district court sentenced the Appellant to 57 months' imprisonment.

The Appellant appealed his sentence. In April 2023, a panel of this Court affirmed the Appellant's conviction on the merits.

The Appellant claims the panel opinion conflicts with Supreme Court and Fourth Circuit in precedent in two ways: (1) by depriving him a jury determination on the statute of limitations, and (2) nullifying the Government's burden to prove the conspiracy continued into the statute of limitation period. Neither argument has merit.

The Appellant submitted to the trial court a legally incorrect instruction on a significant issue, namely the burden of proof that applies to a statute of limitations defense and judges are never obligated to give legally improper instructions. It is also well-settled that the statute of limitations is an affirmative defense, and the defendant bears the burden to show a non-overt act conspiracy ended prior to the limitations period. Because the Appellant failed to offer any affirmative evidence showing withdrawal or termination, he was not entitled to a statute of limitations instruction.

## STANDARD FOR REHEARING EN BANC

Whether a case is appropriate for en banc review is governed by Fed. R. App. P. 35(a), which states that rehearing is "not favored and ordinarily will not be ordered unless" (1) a hearing is "necessary to secure or maintain uniformity of the court's decisions," or (2) "the proceeding involves a question of exceptional importance." For the reasons set forth below, en banc review is not necessary to maintain uniformity in this Court's decisions and the Appellant does not assert that the proceeding involves a question of "exceptional importance."

## ARGUMENT

I. **The district court did not abuse its discretion by refusing to give legally incorrect instructions, which were not supported by the evidence.**

The panel majority correctly found no reversible error in the district court's decision not to give a statute of limitations jury instruction because: (1) the Appellant provided the trial court with a legally incorrect statute of limitations instruction; and (2) the Appellant failed to make the required showing to raise the defense, and thus entitle him to an instruction on it, because he failed to offer affirmative evidence that the conspiracy terminated or that he withdrew which would rebut the presumption that the conspiracy continued.

Despite at least two independent bases to uphold the district court's jury instructions, the Appellant nevertheless argues that rehearing is warranted because

he claims that "once a defendant raise[s] the statute of limitations, he is entitled to a jury determination whether the government has proven beyond a reasonable doubt that the charged conspiracy extended into the applicable limitations period." Petition at 1–2. In other words, the Appellant argues that a district court *must* give a statute of limitations instruction whenever a defendant requests one—even if the defendant only proposes incorrect instructions and even if the instruction is not supported by affirmative evidence of termination. That is not the law.

A. *The Majority Opinion is Consistent with Supreme Court Precedent*

The Appellant claims the panel's opinion conflicts with two decisions of the United States Supreme Court, *Smith v. United States*, 568 U.S. 106 (2013) and *United States v. Gaudin*, 515 U.S. 506, 522–23 (1995). It does not.

The majority opinion is consistent with *Smith*. In *Smith*, the Supreme Court held that "the offense in ... conspiracy prosecutions [is] not the initial act of agreement, but the banding-together against the law effected by that act." 568 U.S. at 113. That offense "continues until termination of the conspiracy or, as to a particular defendant, until that defendant's withdrawal." *Id*. Further, the district court's instructions in this case were consistent with the ones given in *Smith* and the panel did not take issue with those instructions. In *Smith*, the district court instructed the jury that to convict the defendant, the Government had to prove beyond a reasonable doubt that the conspiracy existed, that the defendant was a member of it,

3

and that it "continued in existence within five years," before the indictment. 586 U.S. at 108. Here the district court instructed the jury that they were being asked to find guilt or innocence as to the money laundering conspiracy count, JA2895, JA2898, and the court provided the jury with a copy of the indictment which included the dates for the charged conspiracy, 2009 through 2017, the latter of which is obviously within the statute of limitations, JA2896. In addition, *Smith* says nothing about requiring the district court to provide incorrect jury instructions.

The Appellant next claims the panel majority is at odds with the Supreme Court's decision in *Gaudin*. But *Gaudin* addressed whether materiality was an element of the offense and the Supreme Court, unsurprisingly said nothing about statute of limitations. 515 U.S. at 522–23. Not to mention, *Gaudin* says nothing about offering legally incorrect jury instructions.

### B. The Majority Opinion is Consistent with the Law of this Circuit

The Appellant next claims that the panel opinion is at odds with three cases from this Circuit. It is not.

The first decision he cites, *United States v. Campbell*, 347 F.App'x 923, 927 (4th Cir. 2009), is entirely consistent with the majority's opinion that the defendant must raise a statute of limitations defense through the introduction of affirmative evidence of termination. In *Campbell*, this Court held that in non-overt act conspiracy cases:

> . . . the statute of limitations is satisfied if the government "alleges and proves that the conspiracy continued into the limitations period." *United States v. Seher*, 562 F.3d 1344, 1364 (11th Cir. 2009). A conspiracy continues "as long as its purposes have been neither abandoned nor accomplished, and no *affirmative* showing has been made that it has been terminated." *Id.*

*Campbell*, 347 F.App'x at 927 (emphasis added). The panel opinion also cited *Seher*. Op. at 14. The Appellant obviously wants this Court to ignore the second sentence quoted above from *Campbell* but *United States v. Walker*, a decision the panel quoted approvingly, stands for the same proposition, namely that "[o]nce a conspiracy is established," it is "presumed to continue *unless or until the defendant shows that it was terminated or he withdrew from it*." 796 F.2d 43, 49 (4th Cir. 1986) (emphasis added).

Here, the panel held that "Ravenell offered no affirmative evidence showing that the conspiracy was terminated or that he affirmatively withdrew from the conspiracy prior to the operative July 2, 2014, limitations date." Op. at 16. As a result, the district court was not required to give a statute of limitations instruction. As the panel further held:

> Rather than making the required showing, he simply insists that since the last payments received from Byrd and Harris were in January and April 2014 respectively, and that Byrd was arrested in April 2014, then the "central purpose" of the money laundering conspiracy was accomplished. Appellant Br. at 24. But a "mere cessation of activity in furtherance of the conspiracy is insufficient" to establish that the conspiracy ended.

*Id.* (*citing Walker*, 796 F.2d at 49). The Appellant misrepresents this portion of the opinion claiming, incorrectly, that "the panel majority acknowledges that Mr. Ravenell presented evidence that the charged conspiracy had terminated . . ." Petition at 7. The opinion says precisely the opposite. Thus, there was no "competing evidence," *see* Petition at 8, for a jury to assess and, thus, no need for an instruction.

The Appellant also incorrectly claims that the panel opinion conflicts with *United States v. Portsmouth Paving Corp*., 694 F.2d 312, 324 (4th Cir. 1982). In *Portsmouth Paving*, this Court held that, "the district court correctly instructed the jury simply that the offense charged 'requires the government to prove beyond a reasonable doubt that the conspiracy existed some time during the period November 25, 1975, to November 25, 1980, and that the defendant be a member of the conspiracy during that period.'" *Id*. Again, here the district court instructed the jury that they were being asked to find guilt or innocence as to the counts in the indictment, *see* JA2895, JA2898, and the court provided the jury with a copy of the indictment which included the dates for the charged conspiracy within the statute of limitations, *see* JA2896. Thus, the district court's instructions in this case are substantively the same as the one given in *Portsmouth Paving* and the panel opinion does not take issue with those instructions.

The third and final case the Appellant claims is at odds with the panel opinion is *United States v. Head*, 641 F.2d 174, 177 n.4 (4th Cir. 1981) but, as the panel

reasoned, *Head* involved an overt act conspiracy. Op. at 16. Further, as the panel noted, "Indeed, *Head* 'did not conclude' that a jury instruction on the statute of limitations 'was necessary in every case or that the statute of limitations had become an essential element of conspiracy,'" quoting this Court's subsequent opinion in *United States v. Matzkin*, 14 F.3d 1014, 1017–18 (4th Cir. 1994). Op. at 17.

The panel opinion is also entirely consistent with his Court's prior rulings that it is not reversible error for a district court to decline to give a legally incorrect jury instruction. *See United States v. Hill*, 927 F.3d 188, 210 (4th Cir. 2019); *United States v. Hassan*, 742 F.3d 104, 129 (4th Cir. 2014); *United States v. Lighty*, 616 F.3d 321, 366 (4th Cir. 2010); *United States v. Caro*, 597 F.3d 608, 633 (4th Cir. 2010).

Rather than try and square his position with this line of cases, he remarkably claims that he has satisfied *Hassan*, summarily citing the dissent. Petition at 9. But he clearly has not satisfied the first *Hassan* factor, that a proffered instruction must be correct, as the panel majority correctly concluded. The Appellant's second and final submission to the district court told the jury that it had to find the conspiracy continued during the limitations period by a *preponderance of the evidence*. *See* Op. at 13. And the Appellant's new position in his Petition, that this instruction was correct, is inconsistent with the position he took before the panel. In his direct appeal, as the majority noted, "Ravenell even admits that the suggested burden of proof was

error." *See* Appellant Br. at 9–10; Reply Br. at 3, Op. at 13. Thus, he cannot now credibly claim that the second instruction was correct.

The dissent's principal argument that the second and final instruction was not legally deficient rests on an inaccurate and partial summary of a colloquy between the district court and the parties that the Appellant included in his opening brief on direct appeal. *See* Brief of Appellant, ECF No. 23, at 10, 21. In that colloquy, the Appellant and now the dissent claimed, inaccurately, that the Appellant offered to "correct" his instruction. *See* Op. 41–42 (Gregory, C.J., dissenting). He did not. What his counsel said was that "Fixing the preponderance, obviously that's very easy, that's easy to *explain*." *Id*. (emphasis added). In other words, the "fix" that defense counsel was referring to was to define preponderance.[1] Further, in a footnote, the dissent writes:

> The Government asks us to interpret this statement ["Fixing the preponderance, obviously that's very easy, that's easy to explain"] as Ravenell offering to "explain" but not "correct" the preponderance standard. Response Br. 16. This interpretation strikes me as implausible, after the Government suggested that a *higher* burden of proof was appropriate, it defies logic that Ravenell would have insisted on a *lower* burden of proof.

---

[1] The Government quoted the entire colloquy in its response to Ravenell's opening brief before the panel. *See* Brief of Appellee, ECF No. 33 at 15–17.

Op. at 42, n.2 (Gregory, C.J. dissenting). But the Government never suggested that a higher burden of proof was appropriate and the dissent does not cite any portion of the transcript to support the claim that the Government did.

The dissent next takes the position that the district court "declined to give the [Appellant's second proposed statute of limitations] instruction, *not because it was incorrect*, but because it raised 'issues' and 'qualifiers' that had not 'been properly framed for the jury.'" *See* Op. at 42 (Gregory, C.J. dissenting) (quoting JA2880) (emphasis added). But, this is also not supported by the record. At no time did the trial court indicate that it thought the second limitations instruction correctly stated the law, which is the first *Hassan* factor that the Appellant has to satisfy. 742 F.3d at 129. And the district court's conclusion that the defense had not been "properly framed for the jury," was correct in light of this Court's decisions in *Campbell* and *Walker* that a non-overt act conspiracy is presumed to continue unless and until a defendant offers affirmative evidence of termination and the Appellant had not done so. *See Supra* p. 4-5. In any event, there is no doubt that the trial court concluded the Appellant's instruction was incorrect as reflected in its opinion rejecting the Appellant's new trial motion. ECF No. 559 at 2 ("[t]he Court properly declined to give a *legally incorrect* statute of limitations instruction.") (emphasis added).

The dissent also took issue with the fact that the trial court said the second incorrect limitations instruction would confuse the jury. Op. at 42, (Gregory, C.J.

dissenting); JA2880. But an instruction that introduced a preponderance of the evidence standard without explaining what that meant undoubtedly would have confused the jury.

The dissent next attempts to save the Appellant's second incorrect statute of limitations by distinguishing the "heart" of the instruction from "a peripheral misstatement that, upon learning of the error, Ravenell immediately offered to fix," *See* Op. at 43 (Gregory, C.J. dissenting). As an initial matter, as described above, the Appellant's "fix" was not to substitute beyond a reasonable doubt for preponderance but to define the preponderance standard, which would only have compounded the problem. *See Supra* p. 8-9. According to the dissent, the "heart" of the Appellant's second instruction—that a statute of limitations challenged had been raised—was correct enough because it was "minor." *Id.*

The error was nor "minor," or "peripheral." It, too, went to the heart of the instruction. If the trial court gave the jury the wrong standard of proof for an element of the offense, this Court would not sustain the conviction. The standard of proof is so important because it is the mechanism by which the jury finds, or fails to find, the defense applies. Calling it "peripheral" is like saying an engine is peripheral to an automobile. While there are other parts that make up a car, the engine is what drives it just like the correct burden of proof drives the jury's finding on elements and affirmative defenses.

The dissent seems to endorse the "substantially correct" standard articulated in *United States v. Pursley*, 22 F.4th 586, 591 (5th Cir. 2022), in lieu of the *Hill/Hassan* requirement that proposed jury instructions be "correct." However, even if *Pursley* was controlling law in this circuit—which it is not—the Appellant's second proposed jury instruction would still fail under *Pursley*'s own reasoning. *Pursley* held that "a proposed jury instruction is 'substantially *in*correct' when [it] relied on inapplicable law or had no foundation in the text of the relevant statute." *Pursley*, 22 F.4th at 592 (emphasis added). Both proposed instructions by the Appellant "relied on inapplicable law" and had "no foundation in the text of the relevant statute" because money laundering conspiracy has no overt act requirement, and the preponderance standard was improper. Therefore, even the *Pursley* Court would have rejected both Appellant's proposed jury instructions.

## C. The Majority Opinion is Consistent with Decisions Of Other Circuit Courts

Nor does the panel opinion "spark fresh conflict with decisions from other circuits," as the Appellant incorrectly claims. Petition at 6. Other circuits, like this one, uniformly hold that it is never reversible error for a district court to decline to give an incorrect legal instruction. *See, e.g.*, *United States v. Adams*, 740 F.3d 40, 45 (1st Cir. 2014); *United States v. Algee*, 599 F.3d 506, 514 (6th Cir. 2010); *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 578 (5th Cir. 2004); *United States v. Bailey*, 830 F.2d 156, 157 (11th Cir. 1987). Similarly, other circuits and courts in other

11

circuits have held that a non-overt act conspiracy is presumed to continue unless and until the defendant puts on affirmative evidence of termination. *See, e.g.*, *United States v. Sitzmann*, 74 F. Supp. 3d 96, 108 (D.D.C. 2014), *aff'd,* 893 F.3d 811 (D.C. Cir. 2018); *United States v. Seher*, 562 F.3d 1344, 1364 (11th Cir. 2009); *United States v. Spero*, 331 F.3d 57, 60 (2d Cir. 2003); *United States v. Hayter Oil Co. of Greeneville, Tenn.*, 51 F.3d 1265, 1270–71 (6th Cir. 1995); *United States v. Maloney*, 71 F.3d 645, 660 (7th Cir. 1995); *United States v. Elwell*, 984 F.2d 1289, 1293 (1st Cir. 1993); *United States v. Gonzalez*, 921 F.2d 1530, 1548 (11th Cir. 1991); *United States v. Mayes*, 512 F.2d 637, 642 (6th Cir. 1975).

## II.    <u>The panel's opinion follows Supreme Court and this Court's precedents because it recognizes that non-overt act conspiracies are presumed to continue absent affirmative evidence that they have terminated.</u>

The Appellant claims that the majority opinion conflicts with Supreme Court precedent and this Court's prior rulings because it, "effectively nullifies, in all non-overt act conspiracy cases, the government's burden to prove that the charged conduct continued into the statute of limitations period." Petition at 11. There is no conflict because the panel's opinion recognizes Supreme Court precedent and this Court's prior holdings, consistent with holdings from other circuits, that non-overt act conspiracies are presumed to continue unless and until the defendant offers affirmative evidence of termination. The only decisions the Appellant identifies for this invented conflict are the Supreme Court's decision in *Smith*, discussed at length

above, *see supra* p. 3-4 and its decision in *Grunewald v. United States*, 353 U.S. 391 (1957), which is inapposite because it involved an overt-act conspiracy, The only decisions of this circuit the Appellant identifies is *Portsmouth Paving*, which was also addressed above. *See Supra* at p.6.

On direct appeal, the Appellant argued, "[w]hen a conspiracy charge relies on *acts* outside of the limitations period and there is a legitimate question whether it continued into the limitations period, the jury must be instructed to determine whether the prosecution was timely." Op. at 13–14 quoting Appellant Br. at 18 (emphasis added). The panel rightly rejected this argument because the Appellant "[misunderstood] the difference between an overt act conspiracy and a non-overt act conspiracy." Op. at 14. The panel correctly held that for overt-act conspiracies, the Government must prove at least one overt act within limitations but for non-overt act conspiracies "the burden shifts" and "[t]he government must allege and prove an agreement to enter into a conspiracy, but a conspiracy continues unless a defendant can show affirmative withdrawal or termination." Op. at 15.

In support of that conclusion, the panel cited this Court's opinion in *United States v. Ojedokun*, 16 F.4th 1091, 1105 (4th Cir. 2021) where it held that "§1956(h) conspiracy offenses require nothing more than an agreement to launder money," and thus "it follows that the agreement is necessarily the 'conduct' making up the offense," and the Supreme Court's decision in *United States v. Shabani*, 513 U.S.

13

10, 13–14 (1994) for the holding that non-overt act conspiracies "do[] not make the doing of any act other than the act of conspiring a condition of liability." Reading these two decisions together, since the "agreement" is the criminal conduct, the Government need not prove anything beyond the agreement. And as discussed at length above, as this Court held in *Campbell* and *Walker*, and as other circuits have held, a non-overt act conspiracy is presumed to continue unless or until the defendant presents affirmative evidence that it was terminated. It logically follows, therefore, as the panel concluded, that "the burden is on the defendant to show that a non-overt act conspiracy ended prior to the statute of limitations, rather than placing the burden on the government to show the same conspiracy continued." Op. at 15.

Other circuits have reached the same conclusion. In *United States v. Spero*, the Second Circuit held that:

> Accordingly, once the Government met its burden of proof by establishing that the [non-overt act] conspiracy existed, it was entitled to a presumption that the conspiracy continued until defendant demonstrated otherwise. The burden shifted to Spero to prove affirmatively that the [non-overt act] conspiracy alleged in Racketeering Act # 1 was terminated before May 25, 1994, or that he withdrew from the conspiracy prior to that date, in order to sustain his statute of limitations claim.

331 F.3d 57, 61 (2d Cir. 2003). And the Second Circuit has cited *Spero* approvingly after the Supreme Court's decision in *Smith*. *See United States v. James*, 712 F.3d 79, 106 (2d Cir. 2013). Similarly, in *United States v. Harriston*, the Eleventh Circuit held that:

14

> The government satisfies the requirements of the statute of limitations for a non-overt act conspiracy if it alleges and proves that the conspiracy continued into the limitations period. The government only has to show, either directly or circumstantially, that a conspiracy existed; that the defendant knew of the conspiracy; and that with knowledge, the defendant became a part of the conspiracy. A conspiracy is deemed to have continued as long as the purposes of the conspiracy have neither been abandoned nor accomplished and the defendant has not made an affirmative showing that the conspiracy has terminated. A defendant can overcome this presumption of continued participation only by showing that he affirmatively withdrew from the conspiracy or that the final act in furtherance of the conspiracy has occurred.

329 F.3d 779, 783 (11th Cir. 2003) (cleaned up). And the Eleventh Circuit cited *Harriston* approvingly after the Supreme Court's decision in *Smith*. *See United States v. Burk*, 737 F. App'x 963, 968 (11th Cir. 2018); *United States v. Reeves*, 742 F.3d 487, 500 (11th Cir. 2014).

Finally, as the panel noted, "the government did in fact present evidence of conduct undertaken in furtherance of the money laundering conspiracy past July 2, 2014, even though it ws not needed for an overt act conspiracy." Op. at 17.

In holding that it is a defendant's burden to show termination when he raises a statute of limitations defense, the panel majority was faithful to the Supreme Court's and this circuit's prior holdings. And in applying the logic from those opinions, it reached the same conclusion as other circuit courts.

## CONCLUSION

Based on the foregoing, this Court should deny the Appellant's petition for

rehearing en banc.

Respectfully submitted,

Philip Selden
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

By: _____/s/_____
Leo J. Wise
Zachary H. Ray
Assistant United States Attorneys

Derek E. Hines
Special Assistant United States Attorney

## <u>CERTIFICATE OF COMPLIANCE</u>

This petition has been prepared using 14-point Times New Roman font. Exclusive of the caption, signature block and certificate of compliance this petition contains no more than 3,900 words.


_____/s/_____
Leo J. Wise
Assistant United States Attorney


.

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on May 22, 2023, I filed a copy of this response via CM/ECF,

which serves it on all counsel of record.


_____/s/_____
Leo J. Wise
Assistant United States Attorney