UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-4369
_____

UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

v.

KENNETH WENDELL RAVENELL,

*Defendant – Appellant*.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
_____

**AMICUS CURIAE BRIEF OF THE NATIONAL ASSOCIATION OF CRIMINAL DEFENSE LAWYERS IN SUPPORT OF DEFENDANT-APPELLANT'S PETITION FOR REHEARING EN BANC**

_____

| | |
|---|---|
| David B. Smith | Laurence S. Shtasel |
| David B. Smith, PLLC | Blank Rome LLP |
| Vice-Chair, NACDL Amicus Committee | One Logan Square |
| 108 N. Alfred Street | Philadelphia, PA 19103 |
| Alexandria, VA 22314 | (215) 569-5500 |
| (703) 548-8911 | Laurence.shtasel@blankrome.com |
| dbs@davidbsmithpllc.com | |

*Counsel for Amicus Curiae*

# **TABLE OF CONTENTS**

Page

STATEMENT OF INTEREST OF AMICUS CURIAE ........................... 1

INTRODUCTION ................................................................................ 2

ARGUMENT ....................................................................................... 4

   I.   THE PANEL MAJORITY'S OPINION IMPROPERLY PERMITS TRIAL COURTS TO REFUSE TO INSTRUCT JURIES ON STATUTE-OF-LIMITATIONS DEFENSES EVEN WHEN REQUESTED BY DEFENSE COUNSEL. ....................... 4

   II.   THE PANEL MAJORITY IMPROPERLY SANCTIONED THE USURPATION OF THE JURY'S AUTHORITY TO MAKE ALL FACTUAL FINDINGS. .................................................................. 8

CONCLUSION .................................................................................. 11

CERTIFICATE OF COMPLIANCE ..................................................... 12

CERTIFICATE OF SERVICE ............................................................. 13

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apprendi v. New Jersey*,
　530 U.S. 436 (2000)..................................................................................................9

*Berger v. United States*,
　295 U.S. 78 (1935)....................................................................................................7

*Ciminelli v. United States*,
　Docket No. 21-1170 (May 11, 2023).......................................................................9

*Hoback v. United States*,
　284 F. 529 (4th Cir. 1922).......................................................................................7

*United States v. Hassan*,
　742 F. 3d 104 (4th Cir. 2014).................................................................................8

*United States v. Haymond*,
　139 S. Ct. 2369 (2019) (Gorsuch, J.)....................................................................10

*United States v. Hill*,
　927 F.3d 188 (4th Cir. 2019)..................................................................................7

*United States v. Lindberg*,
　39 F.4th 151 (4th Cir. 2022).................................................................................10

*United States v. Marion*,
　404 U.S. 307 (1971).................................................................................................6

*United States v. Moye*,
　454 F.3d 390 (4th Cir. 2006)................................................................................10

*United States v. Portsmouth Paving*,
　694 F.2d 312 (4th Cir. 1982)..................................................................................5

*United States v. Scheffer*,
　523 U.S. 303 (1998) (Thomas, J.) .......................................................................10

*United States v. Wilson,*
    118 F.3d 228 (4th Cir. 1997) .............................................................................. 10

**Other Authorities**

Op. 8-9 .......................................................................................................................... 6

Op. 16 ............................................................................................................................ 9

Op. 34 ............................................................................................................................ 3

# **CORPORATE DISCLOSURE STATEMENT**

Pursuant to Fed. R. App. P. 26.1, amicus curiae, the National Association of Criminal Defense Lawyers, certifies that it has no parent corporation and no publicly held corporation owns any of its stock.

Dated: June 1, 2023

*/s/ Laurence S. Shtasel*
Laurence S. Shtasel

## STATEMENT OF INTEREST OF AMICUS CURIAE

The National Association of Criminal Defense Lawyers ("NACDL") is the preeminent organization in the United States advancing the goal of the criminal defense bar to ensure justice and due process for persons charged with a crime or wrongdoing. NACDL envisions a society where all individuals receive fair, rational, and humane treatment within the criminal justice system.

Founded in 1958, NACDL has a rich history of promoting education and reform through steadfast support of America's criminal defense bar, amicus curiae advocacy, and myriad projects designed to advance the proper, efficient, and fair administration of justice. Its members include private criminal defense lawyers, public defenders, military defense counsel, law professors, and judges.

This appeal presents issues critical to NACDL's members, those they represent, and the criminal justice system. Two stand out: First, the obligation on the part of trial courts and prosecutors – and not just criminal defense counsel – to ensure that juries are provided with instructions on all properly-raised defenses, including statute-of-limitations defenses. Second, the need to ensure that factual disputes pertaining to criminal defenses are resolved by the jury – not by trial or appellate courts.[1]

---

[1] No counsel for a party authored this brief in whole or in part, and no counsel or party made a monetary contribution intended to fund the preparation or submission

1

# INTRODUCTION

> [The people] are not qualified to judge questions of *law*, but they are very capable of judging questions of *fact*. In the form of juries, therefore, they determine all controverted matters of fact, leaving thus as little as possible, merely the law of the case, to the decision of the judges.
>
> Thomas Jefferson to Abbe Arnoux, 1789. ME 7:422, Papers 15:283.

The panel majority's decision establishes a dangerous and unconstitutional precedent for criminal defendants. By ignoring Supreme Court and Fourth Circuit authority to the contrary, the panel majority concluded that a district court need not instruct the jury on a statute-of-limitations defense timely raised by the accused and, compounding this error, evaluated the evidence itself, concluding that, *in its view*, "The record is full of evidence that the money laundering conspiracy relating to both men [Byrd and Harris] did not terminate before the applicable statute of limitations deadline." Panel Opinion ("Op."), attached hereto as Exhibit A, at 13. As a result, future criminal defendants in this circuit may suffer the same fate as Mr. Ravenell: the denial of the constitutional right to have a jury decide if the government has proved beyond a reasonable doubt that the prosecution does not violate the statute of limitations.

---

of this brief. No person other than the amicus curiae made a monetary contribution to the preparation or submission of this brief.

While the panel majority expressed concern that those accused of crime not be "left defenseless against the legal machinery that state and federal governments bring to bear against them," its decision did just that – it left Mr. Ravenell without a defense and arrogated to itself the job of the jury. Further, in the name of protecting criminal defendants, the panel majority took aim at their defenders, writing,

> Our legal system only works, however, if society maintains its faith in the integrity and independence of those who champion the accused. If counsel is deemed complicit in criminal schemes and conspiracies, trust in the adversary process will diminish, and a vital safeguard of those sacred rights etched in our Constitution will be lost.

Op. 34. The panel majority seemingly found *criminal-defendant Ravenell* less deserving of constitutional protection because he otherwise served as *criminal-defense-lawyer Ravenell*. As pointed out, though, by Chief Judge Roger L. Gregory, "One might imagine that we would more effectively protect the rights of the accused by ensuring that a jury is properly informed about the limitations on a defendant's punishable conduct." *Id*. at 51 (Gregory, C.J. dissenting).

Because the panel majority failed to protect the rights of the accused and undermined the standards fundamental to our system of criminal justice, NACDL strongly endorses Mr. Ravenell's Petition for Rehearing En Banc.

3

# ARGUMENT

I. **THE PANEL MAJORITY'S OPINION IMPROPERLY PERMITS TRIAL COURTS TO REFUSE TO INSTRUCT JURIES ON STATUTE-OF-LIMITATIONS DEFENSES EVEN WHEN REQUESTED BY DEFENSE COUNSEL.**

While incorporating the broader arguments made in Mr. Ravenell's Petition for Rehearing En Banc, NACDL writes to emphasize two points regarding the panel majority's affirmance of the trial court's refusal to instruct the jury altogether on the statute-of-limitations defense. First, merely because a jury instruction proposed by defense counsel is imperfect should not disqualify the accused from having a more perfect instruction presented to the jury. Second, both the government and the trial court have independent obligations to ensure that the jury is properly instructed and that the accused is thereby afforded the right to have all issues of fact decided by the jury.

There is no dispute that Mr. Ravenell raised the statute-of-limitations defense and requested that the court instruct the jury on this issue. Because the initial jury instruction submitted by defense counsel referred to proof pertaining to overt acts (in a non-overt act conspiracy), defense counsel tendered a modified instruction comprised of two sentences:

4

> There is a limit on how much time the government has to obtain an indictment. For you to find the defendant guilty of conspiracy as to Count Two, the government must prove by a preponderance of the evidence that the alleged conspiracy continued after July 2, 2014.

When the government took issue with the "preponderance" standard, counsel for Mr. Ravenell immediately replied that "fixing the preponderance [standard]" would be "very easy." Op. at 41 (Gregory, C.J., dissenting). This was clearly the case, since *a fix merely required that six words be replaced by four.* Had the instruction substituted the words "beyond a reasonable doubt" for the words "by a preponderance of the evidence," the instruction would have been nearly identical to that which this Court approved in *United States v. Portsmouth Paving*, 694 F.2d 312, 324 (4th Cir. 1982), ruling:

> In the case at bar, the district court correctly instructed the jury simply that the offense charged "requires the government to prove beyond a reasonable doubt that the conspiracy existed some time during the period November 25, 1975, to November 25, 1980, and that the defendant be a member of the conspiracy during that period."

Yet the trial court failed to employ this simple, obvious, and fair approach, adopting instead the punitive solution of scrapping *any* instruction concerning the

5

statute of limitations.² This prevented Mr. Ravenell from advancing the defense altogether.³

Even had the trial court concluded that the second instruction was legally incorrect, it was not authorized to penalize Mr. Ravenell by giving no instruction at all. In the first place, there was no reason for the court to rebuff defense counsel's offer to fix the mistake, particularly where such a fix would have required but a minute's work.⁴ Had defense counsel not made this offer, it would still have been incumbent upon both the trial court and the government to fashion a jury instruction

---

² The district court's reasoning was not based on the incorrectness of the instruction, as this could have been easily remedied, but rather because: (i) it raised "issues like withdrawal"; (ii) the statute of limitations issue had not been "properly framed for the jury"; and (iii) offering such an instruction would "clearly confuse the jury." Op. 8-9. None of these is correct. First, Mr. Ravenell never raised the defense of withdrawal. Second, had the instruction been given and the statute-of-limitations defense been put before the jury, defense counsel would clearly have "properly framed" the issue in its closing argument by marshalling the relevant trial evidence. Third, there was nothing confusing about the proposed two-sentence instruction and, even if there were, this confusion could have easily been clarified.

³ The significance of this deprivation cannot be overstated. *See United States v. Marion*, 404 U.S. 307, 322 (1971) (statute of limitations is the primary guarantee against bringing overly stale criminal charges and provides predictability by specifying a limit beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced).

⁴ Remarkably, as Chief Judge Gregory's dissent points out, the panel majority does not mention the colloquy in which Mr. Ravenell's counsel offered to make the simple fix that would have eliminated any objection. Op. 41-42 (Gregory, C.J., dissenting).

that replaced the incorrect "preponderance" language with the proper "beyond a reasonable doubt."

In *Hoback v. United States*, 284 F. 529 (4th Cir. 1922), this Court reversed the trial court's failure to give a requested, albeit incorrect, instruction, ruling that while *state* courts often have no obligation to correct an erroneously worded instruction, in *federal* courts, "[T]he court should direct the minds of the jury to the general principles of the law of the case which should be applied by them in reaching a correct conclusion upon all the essential questions . . . and especially where the court has been asked to charge as to a particular matter of substantive defense, even though the request for the charge is inaccurate." This Court's decision in *United States v. Hill*, 927 F.3d 188 (4th Cir. 2019) is consistent with this directive. In *Hill*, the district court declined to adopt defendant's incorrect proposed jury instruction, *but instead* gave a proper instruction covering the same issue. *Id*. at 209-10.

With regard to the government's obligations, the oft-cited words of *Berger v. United States,* 295 U.S. 78, 88 (1935) are worthy of repeating: "The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." Here, the prosecutor failed to honor this ideal. At trial, the prosecutor, after alerting the trial court and the defense that

7

preponderance of the evidence was the wrong standard, did not suggest changing the standard and agree to give the instruction. Instead, the prosecutor at trial continued his opposition to any statute-of-limitations instruction.

While *United States v. Hassan*, 742 F. 3d 104, 129 (4th Cir. 2014) permits a district court to decline to provide an erroneous instruction, it does not permit a trial court to remove from the jury's consideration a factual issue on which the government bears the burden of proof. In this regard, it is important to recognize that neither the NACDL nor Mr. Ravenell contends that the district court was required to give an incorrect instruction. Failing to give *any* instruction, though, and spurning defense counsel's request to make the simple fix that would have rendered the instruction accurate, unconstitutionally prevented the jury from deciding whether the statute of limitations barred the prosecution altogether.

## II. THE PANEL MAJORITY IMPROPERLY SANCTIONED THE USURPATION OF THE JURY'S AUTHORITY TO MAKE ALL FACTUAL FINDINGS.

Mr. Ravenell's Petition establishes why the panel majority's analysis of the statute of limitations in non-overt act conspiracies improperly shifts the burden of proof to the defendant, *see* ECF 64 at 11-16, and the NACDL supports this argument without repeating it. However, an error attendant to the panel majority's analysis bears further discussion, as it impermissibly disturbs the fundamental roles of judge and jury. In short, the panel majority's opinion sanctions removing from the jury's

8

authority the right to make all factual findings necessary to render a verdict of guilt. Op. 16. This ruling gravely affects criminal defendants by improperly usurping the jury function.

As stated by Justice Scalia in his concurring opinion in *Apprendi v. New Jersey*, 530 U.S. 436, 499 (2000),

> [The Constitution] means what it says. And the guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . trial, by an impartial jury," has no intelligible content unless it means that all the facts which must exist in order to subject the defendant to a legally prescribed punishment *must* be found by the jury.

Just days ago, Justice Thomas re-emphasized this foundational principle, writing for a unanimous court in *Ciminelli v. United States*, Docket No. 21-1170 (May 11, 2023),

> With profuse citations to the records below, the Government asks us to cherry-pick facts presented to a jury charged on the right-to-control theory and apply them to the elements of a different wire fraud theory in the first instance. In other words, the Government asks us to assume not only the function of a court of first view, but also of a jury. That is not our role.

Justice Thomas relied on Justice White's opinion in *McCormick v. United States*, 500 U. S. 257, 270–271, n. 8 (1991), stating,

> [I]n a criminal case, a defendant is constitutionally entitled to have the issue of criminal liability determined by a jury in the first instance. . . . This Court has never held that the right to a jury trial is satisfied when an appellate court

9

> retries a case on appeal under different instructions and on a different theory than was ever presented to the jury. Appellate courts are not permitted to affirm convictions on any theory they please simply because the facts necessary to support the theory were presented to the jury.

*See also United States v. Haymond*, 139 S. Ct. 2369, 2384, 2384 n.9 (2019) (Gorsuch, J.) ("[T]he very reason the Framers put a jury-trial guarantee in the Constitution was to ensure the jury trial right would limit the power of judges and not be ground down to nothing through a balancing of interests by judges themselves.") (internal quotations and citations omitted); *United States v. Scheffer*, 523 U.S. 303, 313 (1998) (Thomas, J.) ("Determining the weight and credibility of witness testimony, therefore, has long been held to be the part of every case that belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.") (internal citations and quotations omitted).

This Court has also repeatedly cautioned against reversing the roles of jury and judge. *See United States v. Lindberg*, 39 F.4th 151, 163 (4th Cir. 2022); *see also United States v. Moye*, 454 F.3d 390, 396 (4th Cir. 2006) ("To be sure, as appellate judges, we enjoy no greater vantage point on appeal than did the jury at trial and we have no right to usurp the jury's role to find facts. . . . If we did otherwise, we would be substituting our judgment for that of the jury."); *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997) ("We may not weigh the evidence or review the credibility

10

of the witnesses. . . . Those functions are reserved for the jury, and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe."). Because the jury in this case was denied the opportunity to conduct its own analysis of the evidence pertaining to Mr. Ravenell's statute-of-limitations defense, en banc review is warranted.

## CONCLUSION

To uphold the basic rights of the accused, to affirm the obligations of both the trial court and the prosecutor in ensuring justice, and to secure the jury's role as trier of facts, NACDL respectfully requests that this Court grant the Petition for Rehearing En Banc.

Respectfully submitted,

| **DAVID B. SMITH, PLLC** | **BLANK ROME LLP** |
|---|---|
| By: */s/ David B. Smith* | By: */s/ Laurence S. Shtasel* |
| David B. Smith | Laurence S. Shtasel |
| David B. Smith, PLLC | Blank Rome LLP |
| Vice-Chair, NACDL Amicus Committee | One Logan Square |
| 108 N. Alfred Street | Philadelphia, PA 19103 |
| Alexandria, VA 22314 | (215) 569-5500 |
| (703) 548-8911 | Laurence.shtasel@blankrome.com |
| dbs@davidbsmithpllc.com | |

Dated: June 1, 2023

11

## **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitations of Fed. R. App. P. 29(b)(4) because this brief contains 2546 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(6)-(7) because this brief has been prepared using Microsoft Office Word and is set in Times New Roman 14-point font.

*/s/ Laurence S. Shtasel*
Laurence S. Shtasel

Dated:  June 1, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing brief was filed electronically via ECF on June 1, 2023 and will therefore be served electronically on all counsel.

                                            */s/ Laurence S. Shtasel*
                                            Laurence S. Shtasel

Dated: June 1, 2023