No. 22-4369

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

KENNETH W. RAVENELL,
*Defendant-Appellant*.

On Appeal from the United States District Court
for the District of Maryland

RENEWED MOTION FOR BAIL PENDING APPEAL
OF APPELLANT KENNETH RAVENELL

Pursuant to Federal Rule of Appellate Procedure 9(b) and Local Rule 9(b), Appellant Kenneth W. Ravenell respectfully requests that the Court grant him bail and stay his sentence pending the resolution of this appeal, including any proceedings in the Supreme Court. Mr. Ravenell must report to prison by 2:00 p.m. on July 7, 2023. Accordingly, he respectfully requests that the Court expedite consideration of this Motion. Mr. Ravenell also requests that the Court stay his report date pending a ruling on this Motion.

Circumstances have changed dramatically since this Court denied Mr. Ravenell's original motion for bail pending appeal in August 2022, prior to the conclusion of merits briefing and the presentation of oral argument. With the benefit of a full appellate record, one judge on the panel presiding over Mr. Ravenell's appeal voted to vacate Mr. Ravenell's conviction based on the district court's failure to instruct the jury on the applicable statute of limitations, and this Court ordered the government to respond to Mr. Ravenell's subsequent petition for rehearing en banc. The course of proceedings in this Court thus establishes that Mr. Ravenell has raised a "substantial question" on appeal, the only element of the bail standard in dispute in this matter.[1]

## I.  BACKGROUND

The district court denied Mr. Ravenell's oral motion for bail pending appeal during his June 22, 2022 sentencing hearing following his conviction on one count of conspiracy to commit money laundering and acquittal on the other six counts.[2] Mr. Ravenell subsequently filed a motion for bail pending appeal in this Court. A divided panel denied Mr. Ravenell's motion in an August 12,

---

[1] Pursuant to Local Rule 27(a), counsel for Mr. Ravenell informed counsel for the government of the intended filing of this Motion. The government opposes the Motion.

[2] A copy of the judgment of conviction is attached as Exhibit A.

2

2022 order. Dkt. 18. Mr. Ravenell then filed a petition for rehearing en banc, which a divided Court denied in a September 7, 2022 order. Dkt. 28. Five judges voted to grant the petition. Notably, four of those judges joined a dissenting opinion that characterized Mr. Ravenell's statute-of-limitations argument as "an extraordinarily close question." *Id.* Mr. Ravenell thereafter sought review in the Supreme Court, which denied his application.

On April 25, 2023, a divided panel affirmed Mr. Ravenell's conviction. Dkt. 60 (hereinafter "Panel Op."). Chief Judge Gregory dissented from the ruling and would have vacated Mr. Ravenell's conviction based on the district court's failure to instruct the jury on the applicable statute of limitations. *Id.* Mr. Ravenell filed a petition for rehearing en banc on May 9, 2023 that focused exclusively on the statute-of-limitations issue. Dkt. 64. The National Association of Criminal Defense Lawyers ("NACDL") filed an amicus brief in support of Mr. Ravenell's petition. Dkt. 74. This Court requested a response from the government. Dkt. 68. The petition has been fully briefed since May 22, 2023 and remains pending.

In a June 30, 2023 order, the district court denied Mr. Ravenell's renewed motion for bail pending appeal. Ex. B. As a result, Mr. Ravenell must report to prison on July 7, 2023 absent further relief.

3

## II. ARGUMENT

Mr. Ravenell recognizes that this Court denied his first request for bail pending appeal. As explained below, however, he respectfully submits that a significant change in circumstances warrants revisiting that ruling and granting bail pending the conclusion of Mr. Ravenell's appeal (including any proceedings in the Supreme Court).

A defendant is entitled to bail pending appeal if there is "clear and convincing evidence that the [defendant] is not likely to flee or pose a danger to the safety of any other person or the community if released," and if "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in," among other relief, reversal or an order for a new trial. 18 U.S.C. § 3143(b)(1). The government has conceded that Mr. Ravenell satisfies three of these four statutory elements: (i) he is not likely to flee (as he has proven in the year that has elapsed since sentencing and during his release pending trial); (ii) he is not likely to "pose a danger to the safety of any other person or the community if released" (again, as he has proven in the year that has elapsed since sentencing and during his release pending trial); and (iii) his appeal is not for the purpose of delay. *See id.* Thus, the only question is whether Mr. Ravenell's appeal "raises a substantial question of law or fact likely to result in" reversal or a new trial. *See id.* If it does, Mr. Ravenell is entitled to bail pending appeal.

4

This Court has explained that this "substantial question" prong of the standard encompasses two issues: "First, whether the question presented on appeal is a 'substantial' one. Second, if decided in favor of the accused, whether the substantial question is important enough to warrant reversal or a new trial on all counts for which the district court imprisoned the defendant." *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (per curiam). As the proceedings in this Court have established, Mr. Ravenell's appeal falls squarely within the heartland of the standard.

***First***, the question whether the district court should have instructed the jury on the statute of limitations applicable to the charge of conspiracy to commit money laundering is a "substantial question"—that is, "a close question or one that very well could be decided the other way." *See id.* Recent proceedings in this Court make this clear. One member of the three-judge panel presiding over Mr. Ravenell's appeal, Chief Judge Gregory, dissented from the panel ruling on the basis that Mr. Ravenell was entitled to a jury instruction on the statute of limitations. That the statute-of-limitations issue sparked disagreement among the three-judge panel, as set forth in a published opinion, surely shows that it is a "close question." *See id.* In addition, this Court requested a response from the government to Mr. Ravenell's subsequent petition for rehearing en banc. The request that the parties fully brief the petition further supports a determination

5

that the statute-of-limitations issue is a "close question." *See* Fed. R. App. P. 35(e) (stating default rule that responses to petitions for rehearing en banc are not permitted). Finally, NACDL's submission of an amicus brief in support of Mr. Ravenell's rehearing petition further highlights the gravity of the limitations issue presented on appeal.

Were that not enough, the government's inconsistent positions in this case and with respect to its position in *Smith v. United States* underscore the substantiality of the limitations issue. At oral argument in the Supreme Court in *Smith*, a case addressing a non-overt-act conspiracy on which Mr. Ravenell principally relies, counsel for the government conceded that the government bears the burden to prove that a conspiracy continued into the limitations period once the defendant raises the statute of limitations as a defense. Ex. C, Tr. of Oral Argument in *Smith v. United States*, No. 11-8976 (Nov. 6, 2012), at 39:4–16, 51:15–52:8 (counsel for government acknowledging that "if a defendant raises a statute of limitations defense, the government has the burden of proving that the crime was committed within the limitations period" and that "it is a burden that is placed on the government by Congress in Section 3282"); *see also Smith v. United States*, 568 U.S. 106, 113 (2013) ("[T]he Government must prove the time of the conspiracy offense if a statute-of-limitations defense is raised."). In this case, however, the government has taken the opposite view that

6

it was not required to prove to the jury beyond a reasonable doubt that the charged conspiracy to commit money laundering continued into the limitations period. That the government itself embraced Mr. Ravenell's position in a prior case before the Supreme Court—and cannot settle on a consistent position going forward—certainly casts in stark relief that the statute-of-limitations issue on appeal is, at a minimum, a "close question."

*Second*, if this Court (or the Supreme Court) decides the statute-of-limitations issue in favor of Mr. Ravenell, that determination would be "important enough to warrant reversal or a new trial on all counts for which the district court imprisoned" Mr. Ravenell. *See Steinhorn*, 927 F.2d at 196. The limitations issue pertains to the sole count of conviction of Mr. Ravenell. If an appellate court rules that the jury should have determined whether the prosecution of Mr. Ravenell on that count complied with the applicable statute of limitations, the remedy would be to vacate Mr. Ravenell's conviction and remand for a new trial. *See, e.g.*, Panel Op. at 52 (Gregory, C.J., dissenting). This plainly satisfies the second prong of the "substantial question" inquiry. *See Steinhorn*, 927 F.2d at 196 (granting bail pending appeal where reversal "likely" would lead to a new trial).

In recent briefing in the district court related to Mr. Ravenell's renewed motion for bail pending appeal, the government spent most of its opposition re-

litigating the issues on appeal in an effort to show that Mr. Ravenell's statute-of-limitations argument lacks merit and that appellate reversal is unlikely. But Mr. Ravenell, of course, need not show that his arguments will be adopted by the en banc Court to obtain bail pending appeal. Instead, he simply is required to demonstrate "a close question or one that very well could be decided the other way." *Steinhorn*, 927 F.2d at 196. And Mr. Ravenell has carried *that* burden by pointing to the objective indicia of substantiality that have arisen during the course of appellate proceedings, including the issuance of a dissenting opinion adopting his position, the filing of a petition for rehearing en banc with amicus support, and the Court's request for a response from the government.

Perhaps recognizing the vulnerability of its position under the proper standard, recently in the district court the government offered a novel argument that neither the district court nor any judge on this Court has embraced. The government newly suggested that Mr. Ravenell did not "raise" the statute of limitations at trial as required under *Smith v. United States*, 568 U.S. 106 (2013), and that this supposed omission justifies the district court's failure to instruct the jury on the statute of limitations applicable to the conspiracy count of conviction. But this argument is inconsistent with prior opinions of both the district court and this Court's panel majority. Amended Order Denying Motion for a New Trial, *United States v. Ravenell*, No. 1:19-cr-00449-LO-1 (D. Md.), ECF No.

8

559, at 3 (noting that Mr. Ravenell "raised" the limitations argument in his Rule 29 motion and proposed jury instructions); Panel Op. at 7–9 (recounting that Mr. Ravenell argued in both of his Rule 29 motions that the government had not proven that the money laundering conspiracy continued into the limitations period, and that he "again renewed this issue" twice "in connection with the jury instructions"). And once raised, as done in the trial in this case, the government rightfully agreed in recent briefing in the district court that it bears the burden to "prove the time of the conspiracy offense." *Smith*, 568 U.S. at 113.

The government's belated acknowledgment that *Smith* imposes a burden on the government to establish the continuation of a non-overt-act conspiracy into the limitations period, once a defendant raises the statute of limitations, undermines the position that it articulated in merits briefing in this Court. By relying so heavily on an argument that no Fourth Circuit judge has adopted to respond to Mr. Ravenell's position on appeal and in his renewed motion for bail pending appeal, the government all but admits that the appeal as currently postured presents the requisite "substantial question."

\*   \*   \*

Events that have transpired since Mr. Ravenell first sought bail pending appeal—including the crystallization of his grounds for appeal through full briefing and oral argument in this Court, the panel's divided decision featuring

9

a dissent on the statute-of-limitations issue, Mr. Ravenell's filing of a petition for rehearing en banc with strong amicus support, the Court's request of a response from the government, and the government's contradictory and changing positions in different cases—establish that Mr. Ravenell has raised a "substantial question of law" on appeal. Because it is undisputed that the other prongs of the statutory standard have been met, the Court should grant Mr. Ravenell bail pending the conclusion of his appeal.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Kenneth Ravenell bail pending the conclusion of his appeal (including any proceedings in the Supreme Court). Mr. Ravenell also respectfully requests that the Court stay his July 7, 2023 report date pending a ruling on this Motion.

Dated:     July 3, 2023                              Respectfully submitted,

/s/ David M. Zornow
David M. Zornow
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
(212) 735-3000
david.zornow@skadden.com

Michael A. McIntosh
SKADDEN, ARPS SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7000
michael.mcintosh@skadden.com