No. 22-4369

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

Appellee,

v.

KENNETH WENDELL RAVENELL,

Appellant.

*Appeal from the United States District Court for the
District of Maryland, Northern Division
Honorable Liam O'Grady, District Judge for the Eastern District of Virginia,
Sitting by designation in the District of Maryland*

RESPONSE TO RENEWED MOTION FOR BAIL PENDING APPEAL

Phil Selden
Attorney for the United States
Acting Under Authority Conferred by
28 U.S.C. § 515

Brandon K. Moore
Assistant United States Attorney

36 South Charles Street, 4th Floor
Baltimore, MD 21201
(410) 209-4800

July 3, 2023                    *Attorneys for Appellee*

The United States of America respectfully opposes Appellant Kenneth Wendell Ravenell's renewed motion for bail pending appeal. ECF No. 77. Ravenell has not succeeded in gaining bail pending appeal at any level. A Fourth Circuit panel, the full Fourth Circuit, and the Supreme Court have denied his request. The district court has denied his request twice. Despite that record, Ravenell claims that the circumstances have "changed dramatically," principally based on a dissenting opinion in his merits appeal and the fact that this Court ordered a response to his petition for rehearing en banc. Because that and his other reasons are not enough to merit bail pending appeal, the renewed motion should be denied.[1]

## BACKGROUND

### A.    Conviction and Sentence

A jury convicted Ravenell of a money laundering conspiracy in violation of 18 U.S.C. § 1956(h), and the district court sentenced him to 57 months' imprisonment.

### B.    Appeal and En Banc Petition

A split panel of this Court affirmed the conviction. *See United States v. Ravenell*, 66 F.4th 472, 492 (4th Cir. 2023). On appeal, Ravenell relied in part on the district court's refusal to instruct the jury on limitations. *Id.* at 480. Judges

---

[1] As the renewed bail motion lacks merit, the Government also opposes the request to stay the surrender date pending a resolution here.

1

Wilkinson and Heytens were in the majority.  Chief Judge Gregory dissented, concluding that the limitations instruction was warranted.  *Id.* at 494 (Gregory, C.J., dissenting).

The majority found no reversible error on the limitations issue for three reasons.

First, the majority concluded that district courts "are never obligated to give legally improper instructions."  *Id.* at 481 (majority opinion).  *See also United States v. Hill*, 927 F.3d 188, 210 (4th Cir. 2019).  Here, Ravenell never proffered a legally correct instruction.  *Ravenell*, 66 F.4th at 481.  His proposed instructions misstated what had to be proved (an overt act for a non-overt-act conspiracy) or the burden of proof (preponderance rather than reasonable doubt).  *Id.* at 481–82.  In contrast, the dissent would have used a different analysis that would have considered whether the instruction was "substantially correct" rather than just "correct."  *Id.* at 496 (Gregory, C.J., dissenting).  As far as the undersigned can tell, neither the Supreme Court nor this Circuit have adopted that standard.

Second, the majority concluded that Ravenell never properly raised a limitations defense.  *Id.* at 482–83 (majority opinion).  As the majority correctly noted, the statute of limitations is an affirmative defense.  To trigger the Government's obligation to rebut that defense for a non-overt act conspiracy, the defendant bears the burden of showing that the agreement "ended prior to the statute

of limitations." *Id.* at 482. *See Smith v. United States*, 568 U.S. 106, 112 (2013). Here, Ravenell "offered no affirmative evidence" that the agreement ended before the limitations date. *Ravenell*, 66 F.4th at 483. Given that non-overt-act conspiracies are presumed to continue absent a showing otherwise, the Government had nothing else to prove. The dissent did not mention *Smith* or confront that question head on. Rather, when analyzing *Hill* prong three, the dissent suggested that Ravenell properly raised the defense by tolling the limitations period pre-indictment and by bringing it to the district court's attention during trial. That is wrong. In this instance, the defendant must prove the defense, not just reference it. *See, e.g.*, *Smith*, 568 U.S. at 112 ("The common-law rule was that affirmative defenses were matters for the defendant to prove." (citation and internal alterations omitted)).

Third and finally, the majority concluded that "ample evidence" showed that the conspiracy continued into the limitations period. *Id.* at 485. Here, the majority pointed to evidence that the agreement persisted: (1) laundering drug proceeds was "part and parcel" of Ravenell's attorney-client relationship with Richard Byrd, and that attorney-client relationship continued into the limitations period; (2) laundered proceeds remained in the escrow account at Ravenell's law firm into the limitations period; (3) even after his arrest, Byrd took steps to continue the operation with Ravenell—steps that did not fall apart until after the limitations date; and (4) Ravenell made at least one payment on Byrd's behalf after the limitations date.

3

*Id.* at 484–85. The majority framed that conclusion through the abuse-of-discretion standard, which carries a "heavy burden" to conclude otherwise. The dissent, again relying on *Hill* prong three, pointed to other evidence and concluded that, at best, a factual question existed for the jury to decide.

On May 9, 2023, Ravenell petitioned for rehearing en banc. He argued that the majority (1) improperly removed the limitations issue from the jury's consideration and (2) eliminated the Government's burden to prove that a non-overt-act conspiracy continued into the limitations period. This Court ordered the Government to respond to the en banc petition. When responding, the Government reiterated that Ravenell did not (1) proffer a legally correct instruction or (2) properly raise a limitations defense.

As of this filing, the en banc petition remains pending.

## C. Bail Motions and Postponements

Ravenell has been on release for the entire duration of the case. He was originally ordered to self-surrender to BOP custody by October 15, 2022.

At every turn thus far, Ravenell has been denied bail pending appeal. During the sentencing hearing in June 2022, the district court denied his motion for bail pending appeal. A divided panel of this Court denied his request. *See United States v. Ravenell*, No. 22-4369, 2022 WL 4095384, at *1 (4th Cir. Aug. 12, 2022). This full Court, in a 9-5 split, declined to reconsider that request en banc. *See United*

4

*States v. Ravenell*, 47 F.4th 882, 882–83 (4th Cir. 2022) (en banc). And in November 2022, the Supreme Court denied Ravenell's application for further review. *See Ravenell v. United States*, 143 S. Ct. 399 (2022). At the same time, Ravenell received multiple postponements for his surrender date.

On June 26, 2023, Ravenell renewed his motion for bail pending appeal in the district court, raising the same issues he now raises in this Court. The district court denied the renewed motion on June 30, 2023. Ravenell sought review of the denial of his renewed motion in this Court on July 3, 2023.

He is currently scheduled to surrender on July 7, 2023.

## STANDARD OF REVIEW

A defendant may obtain "review of a district-court order regarding release." Fed. R. App. P. 9(b). When he does so, this Court makes its decision in accordance with 18 U.S.C. § 3143(b). Fed. R. App. P. 9(c). Section 3143(b) carries the presumption of detention. A defendant who has been convicted and sentenced to imprisonment "shall be detained" unless his appeal raises "a substantial question of law or fact likely to result" in reversal or a new trial. 18 U.S.C. §§ 3143(b)(1)(B)(i), (ii).

This has two inquiries. First, the Court must consider whether the question presented is "substantial." *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (per curiam). Second, the Court must consider whether the question is

5

"important enough to warrant reversal or a new trial." *Id.* (citing *United States v. Miller*, 753 F.2d 19, 23–24 (3d Cir. 1985)). Ravenell has satisfied neither prong.

## ARGUMENT

**A.    The Limitations Issue Is Not a Substantial Question.**

Ravenell has not presented a substantial question. A substantial question is "a 'close' question or one that very well could be decided the other way." *Steinhorn*, 927 F.2d at 196. The limitations question is not close. The majority properly applied the current law of the Circuit by requiring his proffered instructions to be "correct." Ravenell cannot win under this standard. And because no Supreme Court or Fourth Circuit precedent requires otherwise, it does not merit en banc review.

Moreover, the majority appropriately concluded that "a conspiracy continues unless a defendant can show affirmative withdrawal or termination." *Ravenell*, 66 F.4th at 482. The majority also appropriately concluded that Ravenell did not show affirmative withdrawal or termination. Ravenell relied on the *absence of acts* rather than *affirmative acts* inconsistent with the object of the conspiracy. *See id.* at 483 ("Instead of highlighting the ways in which the conspiracy affirmatively ended, Ravenell attempts to flip the burden back to the government to show continuation via overt acts.").

Ravenell deals with that problem in several ways, none of which work. In the merits briefing, for instance, Ravenell cited portions of the record where defense

6

counsel referenced or discussed the limitations issue. Defense counsel certainly believed that the limitations issue was relevant. But this record falls far short of the affirmative showing at trial required by *Smith*. Ravenell's en banc petition simply presumes that he properly raised the limitations issue, and he dismisses with little discussion the majority's contrary conclusion. This highlights the problem, not alleviates it.

In the en banc petition, Ravenell tries to distinguish *Smith* as requiring the Government to prove continuation of the conspiracy. But that again presumes that he properly raised the limitations issue in the first place.

Lastly, in his renewed bail motion, Ravenell claims that the failure to make an affirmative *Smith* showing is "a novel argument" that the Government is just now making. *See, e.g.*, Renewed Bail Motion at 8, ECF No. 77. But the merits majority spent an entire section of its opinion explaining how Ravenell did not make that showing. *See Ravenell*, 66 F.4th 482–83. By focusing on how the Government articulates the issue, rather than on the issue itself, Ravenell again sidesteps the opportunity to address the failure or explain how it presents a close question.

The other arguments in his renewed bail motion change nothing. Ravenell points to the dissent and amicus brief as grounds that his question is close. *See* Renewed Bail Motion at 5–6. That means, however, that every dissent or amicus implies a close question. Accepting that premise would undermine the bail review

7

standard. "Whether a question is 'substantial' must be determined on a case-by-case basis." *Steinhorn*, 927 F.2d at 196 (citation omitted). And as the circumstances here show, the dissent and amicus's reasoning are flawed. For example, the dissent and amicus here never fully address whether Ravenell, as a threshold, met his burden of affirmatively showing withdrawal or termination. Instead, the dissent and amicus assume, like Ravenell does, that he made the affirmative showing. Then they surmise, like Ravenell does, what the jury could have done had the defense been properly raised. A defendant, however, is not entitled to a limitations instruction simply because he asks for one. There must be some evidentiary basis for it. *See, e.g.*, *Smith*, 568 U.S. at 112 ("As with other affirmative defenses, the burden is on [the defendant].").

There is no *Hill* analysis or question for the jury to decide absent an affirmative *Smith* showing. The Court has made this clear: "We did not conclude that such a [limitations] charge was necessary in every case or that the statute of limitations had become an essential element of conspiracy." *United States v. Matzkin*, 14 F.3d 1014, 1018 (4th Cir. 1994). The "general rule [is] that the statute of limitations is an affirmative defense to be raised by a defendant." *Id.*

Ravenell highlights that this Court quickly ordered a response to the en banc petition. *See* Renewed Bail Motion at 5. This Court is in the best position to determine how significant that is, as there is insufficient publicly available

information to gauge what that means. Some decisions require a majority vote. A majority of judges may order rehearing en banc. *See* Fed. R. App. P. 35(a). A majority of judges may order full briefing after rehearing en banc is granted. *See* Local Rule 35(d) (4th Cir. 2020). Other decisions, however, require just one vote. One judge, acting alone, can call for a poll. *See* Fed. R. App. 35(f). When it comes to ordering a response to an en banc petition, the Rules say nothing about where that falls along the spectrum.

Importantly, however, no publicly available information suggests that the en banc votes in this Court regarding bail pending appeal have changed since Ravenell's original bail motion. The merits majority, Judges Wilkinson and Heytens, were also among the majority of judges who declined to review the original bail motion en banc. The merits dissent, Chief Judge Gregory, also dissented to the en banc bail decision. Assuming those three judges land the same way for Ravenell's renewed bail motion, no publicly available information indicates that this Court's remaining judges—now armed with the benefit of full merits briefing, oral argument, and a published decision—have switched sides on whether this appeal presents a substantial question.

Finally, Ravenell makes much of the Government's oral argument in *Smith*. But no one disputes what the Government must prove when a limitations defense *is properly raised*. *See Smith*, 568 U.S. at 113. The dispute here, rather, is whether

Ravenell properly raised the limitations issue (in other words, whether he made the affirmative *Smith* showing) and, if he did, whether he proffered a legally correct instruction. On these two questions, the appeal does not present a close question.

**B.    The Limitations Issue Does Not Warrant Reversal or a New Trial.**

Even then, the limitations issue is not important enough to warrant reversal or a new trial. As the Third Circuit explained in *Miller*, a "question of law or fact may be substantial but may, nonetheless, in the circumstances of a particular case, be considered harmless, to have no prejudicial effect, or to have been insufficiently preserved." *Miller*, 753 F.2d at 23. Here, as the merits majority explained, while some activity ceased before the limitations period, there was ample evidence that the agreement persisted, even while co-conspirators were in jail or had stopped making payments. The district court did not abuse its discretion given the ample evidence that the conspiracy continued into the limitations period.

Further appellate review, therefore, would not result in reversal or a new trial.

**CONCLUSION**

For those reasons, the Court should deny bail pending appeal.

Respectfully submitted,

Phil Selden
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

By: _____/s/_____
Brandon K. Moore
Assistant United States Attorney

**<u>CERTIFICATE OF SERVICE</u>**

I certify that, on July 3, 2023, I filed a copy of this response via CM/ECF,

which serves it on all counsel of record.

_____/s/_____
Brandon K. Moore
Assistant United States Attorney

11