No. 22-4369

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

KENNETH W. RAVENELL,
*Defendant-Appellant*.

On Appeal from the United States District Court
for the District of Maryland

MOTION TO STAY ISSUANCE OF THE MANDATE
OF APPELLANT KENNETH RAVENELL

Pursuant to Federal Rule of Appellate Procedure 41(d) and Local Rule 41, Appellant Kenneth W. Ravenell respectfully requests that the Court stay issuance of the mandate in this case pending the filing and disposition of a petition for a writ of certiorari in the U.S. Supreme Court. Pursuant to Local Rule 27(a), counsel for Mr. Ravenell informed counsel for the government of the intended filing of this Motion. Counsel for the government advised that the government defers to the Court but

disagrees that the petition would present a substantial question or that there is good cause for a stay. The mandate is scheduled to issue as early as July 21.

To obtain a stay of the mandate in this case, Mr. Ravenell needs to show that a petition for a writ of certiorari would present a "substantial question" along with "good cause" for a stay. Recent developments in this Court underscore that Mr. Ravenell meets this standard. In a July 6 order, the panel presiding over Mr. Ravenell's appeal voted unanimously to grant bail pending the issuance of the mandate in this Court. Because the standard for granting bail pending appeal is virtually identical to the standard for staying the mandate pending the filing and disposition of a petition for a writ of certiorari, it follows that Mr. Ravenell has satisfied Rule 41. Moreover, five judges dissented from the full Court's subsequent July 14 order denying Mr. Ravenell's petition for rehearing en banc. That five members of this Court deemed Mr. Ravenell's argument on the statute of limitations sufficiently compelling and exceptional to warrant en banc review establishes a substantial question and good cause.

I.  **BACKGROUND**

The government opposed and the district court denied Mr. Ravenell's oral motion for bail pending appeal during his June 22, 2022 sentencing hearing following his conviction on one count of conspiracy to commit money laundering and acquittal on the other six counts. Mr. Ravenell subsequently filed

a motion for bail pending appeal in this Court, which the government opposed. A divided panel denied Mr. Ravenell's motion in an August 12, 2022 order. Dkt. 18. Mr. Ravenell then filed a petition for rehearing en banc, which a divided Court denied in a September 7, 2022 order. Dkt. 28. Five judges voted to grant the petition. Notably, four of those judges joined a dissenting opinion that characterized Mr. Ravenell's statute-of-limitations argument as "an extraordinarily close question." *Id.* at 4 (Wynn, J., dissenting). Mr. Ravenell thereafter sought review in the Supreme Court, which denied his application.

On April 25, 2023, a divided panel affirmed Mr. Ravenell's conviction. Dkt. 60. Then–Chief Judge Gregory dissented from the ruling and would have vacated Mr. Ravenell's conviction based on the district court's failure to instruct the jury on the applicable statute of limitations. *Id.* Mr. Ravenell filed a petition for rehearing en banc on May 9, 2023 that focused exclusively on the statute-of-limitations issue. Dkt. 64. The National Association of Criminal Defense Lawyers filed an amicus brief in support of Mr. Ravenell's petition. Dkt. 74. This Court requested a response from the government. Dkt. 68.

The Court denied Mr. Ravenell's rehearing petition in a July 14, 2023 order. Dkt. 84. Five judges voted to grant rehearing. *Id.* Four judges joined a dissenting opinion that concluded that "the jury's inability" to determine whether the charged conspiracy continued into the limitations period "bears on

3

a 'question of exceptional importance,'" *id.* at 10 (Gregory, J., dissenting), and that the district court's failure to instruct the jury on the statute of limitations "strikes at the heart of Ravenell's 'fundamental constitutional right' to a jury trial," *id.* at 11 (Gregory, J., dissenting).

While the rehearing petition was pending, Mr. Ravenell filed a renewed motion for bail pending appeal in the district court, which the government opposed. Following the district court's denial of that motion, Mr. Ravenell moved for the same relief in this Court and the government again opposed. Dkt. 77. The Court granted Mr. Ravenell's motion in a July 6, 2023 order that "grant[ed] bail and stay[ed] appellant's sentence pending issuance of the mandate in this case." Dkt. 83. Notably, the two members of the panel who voted to affirm Mr. Ravenell's conviction and later to deny his petition for rehearing en banc voted to grant bail pending appeal.

Because of the limited duration of the stay in the Court's order, Mr. Ravenell will be ordered to report to prison following the issuance of the Court's mandate as soon as July 21 absent further relief.

## II.   ARGUMENT

A party is entitled to a stay of the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court if he "show[s] that the petition would present a substantial question and that there is good cause for a stay." Fed. R.

4

App. P. 41(d); *accord* Fourth Cir. R. 41 (noting that "[o]rdinarily the motion shall be denied unless there is a specific showing that it is not frivolous or filed merely for delay"). As Mr. Ravenell outlined in prior briefing on his Renewed Motion for Bail Pending Appeal, *see* Dkt. 77, 82, whether the district court erred by failing to instruct the jury on the statute of limitations for the sole count of conviction is a "substantial question" that warrants staying Mr. Ravenell's sentence pending the conclusion of proceedings in the Supreme Court.

In a forthcoming petition for a writ of certiorari, Mr. Ravenell will argue, as the four judges who joined the opinion dissenting from the Court's denial of rehearing en banc put it, that "the district court's refusal to instruct the jury on the statute of limitations stifled the jury's ability to weigh [his] guilt," Dkt. 84, at 7 (Gregory, J., dissenting); that the panel's ruling conflicts with the Supreme Court's decision in *Smith v. United States*, 568 U.S. 106 (2013); and that the panel opinion creates a split with the decisions of at least three other circuits. The Supreme Court in *Smith* explained, in the context of a non-overt-act conspiracy, that once "a statute-of-limitations defense is raised," "the Government must prove the time of the conspiracy offense" just as it must prove the elements of a conspiracy charge. *Id.* at 113. Mr. Ravenell will argue that the panel opinion conflicts with *Smith* both by authorizing the removal of the statute of limitations from the jury's consideration after Mr. Ravenell raised the

5

issue and by placing the burden of proof on Mr. Ravenell instead of the government. Likewise, Mr. Ravenell will outline how the panel opinion departs from rulings in other circuits. *See, e.g.*, *United States v. Piette*, 45 F.4th 1142, 1163 (10th Cir. 2022); *United States v. Pursley*, 22 F.4th 586, 587, 593 (5th Cir. 2022); *United States v. Seher*, 562 F.3d 1344, 1364, 1366 (11th Cir. 2009); *see also* Dkt. 64, at 6–7.

The panel majority's fundamental misapprehension of the Supreme Court's decision in *Smith v. United States* in a way that conflicts with other circuits provides a compelling basis for seeking Supreme Court review. At a minimum, Mr. Ravenell's statute-of-limitations argument presents a "substantial question" warranting a stay for at least two additional reasons.

***First***, the panel presiding over Mr. Ravenell's appeal voted unanimously two weeks ago to grant Mr. Ravenell bail and stay his sentence pending issuance of the mandate in this Court. Dkt. 83. The panel thus concluded that Mr. Ravenell met the standard for bail pending appeal—including that he had "raise[d] a ***substantial question*** of law or fact likely to result in," among other relief, reversal or an order for a new trial. 18 U.S.C. § 3143(b)(1) (emphasis added). Because the standard for staying the issuance of the mandate is virtually identical, *see* Fed. R. App. P. 41(d)(1) (providing that a stay is warranted when the moving party identifies a "substantial question" for Supreme Court review

6

"and that there is good cause for a stay"), nothing justifies a contrary ruling on this Motion. If anything, Mr. Ravenell's position is far stronger now in light of the five judges who subsequently voted to grant rehearing en banc on the statute-of-limitations question.

*Second*, five judges on this Court concluded that Mr. Ravenell's statute-of-limitations argument was sufficiently important and compelling to take the relatively rare step of rehearing the matter en banc. Four of those judges joined a dissenting opinion that was "hard-pressed to think of a question of greater importance" than that presented by Mr. Ravenell, and explained that denying rehearing "risks whittling away at a constitutional right that has, since our nation's earliest days, played a foundational role in our pursuit of justice." Dkt. 84, at 7, 13 (Gregory, J., dissenting); *see also id.* at 10 (Gregory, J., dissenting) (emphasizing that Mr. Ravenell's statute-of-limitations argument "bears on a 'question of exceptional importance' warranting en banc review") (citation omitted). Especially because the standard governing rehearing petitions dovetails with that applied to petitions for a writ of certiorari, the five dissenting judges necessarily concluded that Mr. Ravenell's forthcoming petition will raise a "substantial question." *Compare* Fed. R. App. P. 35(a)(2) (explaining that rehearing en banc is warranted when "the proceeding involves a question of exceptional importance") *with* Sup. Ct. R. 10 ("A petition for a writ of certiorari

7

will be granted only for compelling reasons.").

Finally, Mr. Ravenell has established "good cause" justifying a stay of the mandate in these circumstances. The limitations issue pertains to the sole count of conviction of Mr. Ravenell. If the Supreme Court grants certiorari and rules in favor of Mr. Ravenell, the remedy would be to vacate his conviction and remand for a new trial. Forcing Mr. Ravenell to report to jail while his petition for a writ of certiorari is pending serves no discernible purpose and risks depriving him of his liberty based on a constitutionally flawed conviction.

## **CONCLUSION**

For the foregoing reasons, the Court should stay issuance of the mandate pending the filing and disposition of a petition for a writ of certiorari in the U.S. Supreme Court. Mr. Ravenell also respectfully requests that the Court stay issuance of the mandate pending a ruling on this Motion.

Dated: July 20, 2023

Respectfully submitted,

/s/ David M. Zornow
David M. Zornow
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
(212) 735-3000
david.zornow@skadden.com

Michael A. McIntosh
SKADDEN, ARPS SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7000
michael.mcintosh@skadden.com